IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARK WORTMANN** and **JOSE RODRIGUEZ**, individually and on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs,<br>vs.<br><br>**LIVINGSTON AUTO WASH, INC.**, **MORRISTOWN CAR WASH, LLC** and **PAUL RITTER**,<br><br>　　　　　　Defendants. | Civil Case No. |

COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND

Plaintiffs Mark Wortmann and Jose Rodriguez, individually and on behalf of all others similarly situated, by and through their attorneys Brown, LLC, hereby bring this Collective and Class Action Complaint against Defendants Livingston Auto Wash, Inc., Morristown Car Wash, LLC and Paul Ritter, and allege upon information and belief, as follows:

**INTRODUCTION**

1.　　Plaintiffs bring this action for themselves and all other similarly situated collective members to recover unpaid minimum and overtime wages, unlawfully kept tips, liquidated damages and reasonable attorney's fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq.*

2.　　Plaintiffs also bring this action for themselves and all other similarly situated Rule 23 class members to recover unpaid minimum and overtime wages, unlawfully kept tips, pre- and post- judgment interest, and reasonable attorney's fees and costs as a result of Defendants' willful violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR"),

1

N.J.S.A. 34:11-56a, *et seq.*

3.     Defendants have jointly operated as a single integrated enterprise doing business as "Ritter Family Car Wash," "Livingston Car Wash," "Morristown Car Wash" and "Morris County Hand Wash" and "[t]he Ritter family has been serving the northern New Jersey area for over 40 years."[1]

4.     Plaintiffs and the putative FLSA collective and Rule 23 class members were the car wash workers subjected to Defendants' common unlawful policies in violation of the FLSA and NJWHLR.

5.     Specifically, Defendants jointly employed the car wash workers including Plaintiffs who worked over forty (40) hours per week and were paid approximately $72 for 10 hours of work per shift, that is, at a wage rate of $7.2 per hour.

6.     The federally mandated minimum wages rate is $7.25 per hour for up to forty (40) working hours at any given week and overtime at $10.88 for all hours worked in excess of forty (40) at any given week, during the applicable statutory period.   *See* 29 U.S. Code §§ 206 (a), 207(a).

7.     The state mandated minimum wage rate is $8.60 per hour in 2018 and $8.44 per hour in 2017 for up to 40 working hours at any given week and overtime at $12.90 in 2018 and $12.66 in 2017 for all hours worked in excess of forty (40) at any given week.   *See* N.J.S.A. 34:11-56a4 and 12:56-3.1; *see also* New Jersey Labor and Workforce Development Division of Wage and Hour Compliance Notice:

https://nj.gov/labor/forms_pdfs/legal/2018/public_notice_minimum_wage_2019.pdf.

8.     Further, Defendants and their management unlawfully kept the customer tips

---

[1] *See* Defendants' various websites: http://www.ritterfamilycarwash.com/, https://livingstoncarwashnj.com/, https://morristowncarwashnj.com/ and https://morriscountyhandwash.com/ (last accessed November 7, 2018).

without properly distributing all received tips to the car wash workers, in violation of the FLSA and NJWHLR.

9.    As a result of Defendants' common unlawful policies and practices, the car wash workers were not compensated the statutorily mandated minimum wage for forty (40) hours of working time in any given week and overtime at a rate of not less than one and one-half (1.5) times the statutorily mandated minimum wage for work performed over forty (40) hours per week; and the car wash workers were divested of their rightfully earned tips.

10.    Plaintiffs assert the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All car wash workers employed by Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

11.    Plaintiffs seek to send a Notice pursuant to 29 U.S.C. § 216(b) to all car wash workers of Defendants permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

12.    Plaintiffs assert the NJWHLR claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All car wash workers employed by Defendants in the State of New Jersey at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

13.    Defendants have willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

14.    Plaintiffs seek to impose liability upon all Defendants jointly and severally because at all relevant times, all Defendants have operated as a single integrated enterprise and have jointly employed Plaintiffs.

## JURISDICTION AND VENUE

15.     This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201, *et seq.*

16.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiffs' federal claims.

17.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants employed Plaintiffs in this district and because a substantial portion of the events that give rise to the Plaintiffs' claims occurred in this district.

## PARTIES

18.     Defendant Livingston Auto Wash, Inc. ("Livingston Auto Wash") is a domestic for-profit entity created and existing under and by virtue of the laws of the State of New Jersey.

19.     Defendant Morristown Car Wash, LLC ("Morristown Car Wash") is a domestic for-profit entity created and existing under and by virtue of the laws of the State of New Jersey.

20.     Defendant Paul Ritter ("Ritter") is the owner, shareholder and officer of Livingston Auto Wash and Morristown Car Wash.

21.     Mr. Ritter is personally involved in the daily management of the work performed by the car wash workers including Plaintiffs.

22.     At all relevant times, Defendants have jointly operated a single integrated enterprise providing car wash services and maintained the following business locations:

- 111 E Mt Pleasant Ave, Livingston, NJ 07039 (Livingston Car Wash)
- 285 E Hanover Ave, Morristown, NJ 07960 (Morristown Car Wash)
- 160 Ridgedale Ave, Morristown, NJ 07960 (Morris County Hand Wash)

4

23.     Plaintiff Mark Wortmann ("Wortmann") is a resident of the County of Morris and State of New Jersey.

24.     Mr. Wortmann was employed by Defendants as a car wash worker from approximately August 2018 to October 2018 at the 285 E Hanover Ave, Morristown, NJ 07960 location.

25.     Mr. Wortmann's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

26.     Plaintiff Jose Rodriguez ("Rodriguez") is a resident of the County of Morris and State of New Jersey.

27.      Mr. Rodriguez was employed by Defendants as a car wash worker for several months in 2014 at the 111 E Mt Pleasant Ave, Livingston, NJ 07039 location and from approximately June 2018 to September 2018 at the 285 E Hanover Ave, Morristown, NJ 07960 location.

28.     Mr. Rodriguez's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit B**.

## FACTUAL ALLEGATIONS

29.     Defendants have operated and controlled an enterprise engaged in commerce as defined under the FLSA.

30.     Defendants have generated over $500,000.00 in revenue per year.

31.     Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

32.      Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

33.     Defendants were jointly the "employers" of the car wash workers including Plaintiffs within the meaning of 29 U.S.C. § 203(d), N.J.S.A. 34:11-56a1(g) and N.J.S.A. 34:11-4.1a.

34.     The car wash workers including Plaintiffs were "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1), N.J.S.A. 34:11-56a1(h) and N.J.S.A. 34:11-4.1.b.

35.     Defendants "suffered or permitted" the car wash workers including Plaintiffs to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) and N.J.S.A. 34:11-56a1(f).

36.     Defendants, directly or indirectly, hired the car wash workers including Plaintiffs and determined the rate and method of the payment of their wages.

37.     Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of the car wash workers including Plaintiffs.

38.     The car wash workers including Plaintiffs performed primary job duties that do not fall within any exemptions from overtime under the FLSA and NJWHLR.

39.     Defendants required the car wash workers including Plaintiffs to perform work for over forty (40) hours per week.

40.     Defendants paid the car wash workers approximately $7.20 an hour for each hour they worked without overtime premium for hours worked in excess of forty (40) in any workweek.

41.     Plaintiff Wortmann regularly worked six (6) or seven (7) days a week.

42.     Plaintiff Wortmann had a ten (10)-hour daily work schedule from 8 a.m. to 6 p.m.

43.     Defendants paid Plaintiff Wortmann approximately $72 for 10 hours of work a day, that is, at a wage rate of $7.20 per hour.

44.     On several occasions Plaintiff Wortmann worked extra time outside of his ten (10)-hour daily work schedule for which he was not paid.

45.     When Plaintiff worked more than ten (10) hours a day, he was only paid for 10 hours of work.

46.     Plaintiff Wortmann was paid in cash and off the books at the end of each workday.

47.     Plaintiff Rodriguez regularly worked six (6) days a week and sometimes seven (7) days a week.

48.     Plaintiff Rodriguez had a ten (10)-hour daily work schedule from 8 a.m. to 6 p.m.

49.     Defendants paid Plaintiff Rodriguez approximately $72 for 10 hours of work a day, that is, at a wage rate of $7.20 per hour.

50.     On several occasions Plaintiff Rodriguez worked extra time outside of his ten (10)-hour daily work schedule for which he was not paid.

51.     When Plaintiff worked more than ten (10) hours a day, he was only paid for 10 hours of work.

52.     Defendants paid Plaintiff Rodriguez approximately $72 for 10 hours of work a day, that is, at a wage rate of $7.20 per hour.

53.     Plaintiff Rodriguez was paid in cash and off the books at the end of each workday.

54.     Defendants failed to pay the car wash workers including Plaintiffs the federally mandated minimum wage, as required by 29 U.S.C. § 206.

55.     Defendants failed to pay the car wash workers including Plaintiffs the state mandated minimum wage, as required by N.J.S.A. 34:11-56a *et seq.*

56. Defendants failed to pay the car wash workers including Plaintiffs overtime compensation at a rate of not less than one and one-half (1.5) times the statutorily mandated minimum wage for hours worked in excess of forty (40) per week, as required by 29 U.S.C. § 207 and N.J.S.A. 34:11-56a4.

57. The car wash workers including Plaintiffs regularly received more than $ 30 a month in cash tips.

58. Defendants and their management unlawfully kept the customer tips without properly distributing all received tips to the car wash workers, in violation of the FLSA and NJWHLR.

59. Defendants never posted a notice explaining the minimum wage and overtime pay rights provided by FLSA in any area of their business facility where Plaintiffs were employed, in violation of 29 C.F.R. §516.4.

60. Defendants never posted a summary explaining the minimum wage and overtime pay rights provided by the NJWHL in any area of their business facility where Plaintiffs were employed, in violation of N.J.S.A. 34:11-56a21.

61. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

62. Defendants' violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

64.     Plaintiffs bring this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all car wash workers who have been affected by Defendants' unlawful common policies and practices which include failing to properly pay minimum and overtime wages and unlawfully retaining tips, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

*65.*     Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All car wash workers employed by Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiffs reserve the right to amend this definition as necessary.

66.     Plaintiffs bring this collective action against Defendants to recover unpaid minimum and overtime wages, unlawfully kept tips, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

67.     The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

68.     Plaintiffs seek to send Notice to all car wash workers of Defendants permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

69.     Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b).   The

class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

70.     The employment relationships between Defendants and every collective member are the same and differ only by name, location, and rate of pay.

71.     Plaintiffs anticipate that there will be no difficulty in the management of this litigation.    This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

72.     Plaintiffs and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

73.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

74.     Plaintiffs also seek to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for and on behalf all car wash workers who have been affected by Defendants' unlawful common policies and practices which include failing to properly pay minimum and overtime wages and unlawfully retaining tips, in violation of the New Jersey Wage and Hour Laws and Regulations ("NJWHLR"), N.J.S.A. 34:11-56a *et seq.*

75.     Plaintiffs bring this Rule 23 class action as to the NJWHLR claims on behalf of:

> *All car wash workers employed by Defendants in the State of New Jersey at any time from two (2) years prior to the filing of this Complaint through the date of judgment.*

Plaintiffs reserve the right to amend this definition as necessary.

76.      Plaintiffs bring this Rule 23 class action as to the NJWHLR claims against Defendants to recover unpaid minimum and overtime time wages, unlawfully kept tips, pre- and

post- judgment interest, and reasonable attorneys' fees and costs pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

77.     The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical.   The Rule 23 class members should be easy to identify from Defendants' computer systems and electronic payroll and personnel records.

78.     There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.   These common legal and factual questions, include, but are not limited to, the following: whether the Rule 23 class members were properly compensated minimum wages, whether they were properly compensated overtime wages at a rate of not less than one and one-half (1.5) times the statutorily mandated minimum wage for work performed over 40 hours per week, and whether Defendants unlawfully retained tips without distributing all received tips to the Rule 23 class members.

79.     Plaintiffs' claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices.   All of the class members were subject to the same corporate practices of Defendants, as alleged herein. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

80.     Plaintiffs were employed by Defendants in the same capacity as all of the class members.   All class members were treated the same or similarly by management with respect to pay or lack thereof.   This treatment included, but was not limited to, failure to pay

proper minimum and overtime wages and unlawfully retaining tips.   Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

81.     Plaintiffs will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions.   Plaintiffs and their counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

82.     Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member.   Plaintiffs' claims arise from the same legal theories as those of all other class members.   Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiffs and their counsel know of no unusual difficulties in this case.

83.     Plaintiffs and the Rule 23 class members demand a trial by jury.

## COUNT I
### (29 U.S.C. § 216(b))
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*
### [Failure to Pay Overtime Wages]

84.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

85.     29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

86.     Plaintiffs and the FLSA collective members regularly worked more than forty (40) hours per week.

87.    Defendants failed to properly compensate Plaintiffs and the FLSA collective members for all hours worked as alleged herein.

88.    Defendants paid Plaintiffs and the FLSA collective members approximately $7.20 an hour for each hour they worked without overtime premium for hours worked in excess of forty (40) in any workweek.

89.    Defendants failed to pay Plaintiffs and the FLSA collective members overtime wages at a rate of not less than one and one-half (1.5) times the statutorily mandated minimum wage for all hours they worked in excess of forty (40) per workweek.

90.    Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

91.    Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

92.    As a result of Defendants' unlawful common policies and practices described above, Plaintiffs and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(29 U.S.C. § 216(b))**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**[Failure to Pay Minimum Wages]**

93.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

94.    Defendants failed to properly compensate Plaintiffs and the FLSA collective members for all hours worked as alleged herein.

95.    Defendants paid Plaintiffs and the FLSA collective members approximately

$7.20 an hour for each hour they worked.

96.     The minimum wage rate under the FLSA is $7.25 during the applicable statutory period.

97.     Defendants failed to pay Plaintiffs and the FLSA collective members the federally mandated minimum wage in violation the FLSA.

98.     Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

99.     Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

100.    As a result of Defendants' unlawful common policies and practices described above, Plaintiffs and the FLSA collective members were illegally deprived of minimum wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT III**
**Violation of the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a,** *et seq.*
**[Failure to Pay Overtime Time Wages]**

101.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

102.    Plaintiffs and the Rule 23 class members regularly worked more than forty (40) hours per week.

103.    Defendants failed to properly compensate Plaintiffs and the Rule 23 class members for all hours worked as alleged herein.

104.    Defendants paid Plaintiffs and the Rule 23 class members approximately $7.20 an hour for each hour they worked without overtime premium for hours worked in excess of forty (40) in any workweek.

14

105.    Defendants failed to properly pay Plaintiffs and the Rule 23 class members overtime wages at a rate of not less than one and one-half (1.5) times the statutorily mandated minimum wage for all hours they worked in excess of forty (40) per workweek.

106.    Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

107.    As a result of Defendants' unlawful common policies and practices described above, Plaintiffs and the Rule 23 class members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

## COUNT IV
### Violation of the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a, *et seq.*
### [Failure to Pay Minimum Wages]

108.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

109.    Defendants failed to properly compensate Plaintiffs and the Rule 23 class members for all hours worked as alleged herein.

110.    Defendants paid Plaintiffs and the Rule 23 class members approximately $7.20 an hour for each hour they worked.

111.    The minimum wage rates under the NJWHLR are $8.60 per hour in 2018 and $8.44 per hour in 2017.

112.    Defendants failed to pay Plaintiffs and the Rule 23 class members the state mandated minimum wage in violation the NJWHLR.

113.    Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

114.    As a result of Defendants' unlawful common policies and practices described

above, Plaintiffs and the Rule 23 class members were illegally deprived of minimum wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

**COUNT V**
**(29 U.S.C. § 216(b))**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***
**[Unlawful Tip Retention]**

115.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

116.    Pursuant to the amendment to the Fair Labor Standards Act (FLSA) in the omnibus budget bill, "Consolidated Appropriations Act, 2018," enacted on March 23, 2018, employers "may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

117.    Fact Sheet # 15 of the U.S. Department of Labor concerning the application of the FLSA to employees who receive tips provides that "[a] tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit."   *See* Fact Sheet # 15 (Revised April 2018).

118.    Plaintiffs and the FLSA collective members regularly received more than $30 a month in cash tips.

119.    Defendants and their management unlawfully kept the customer tips without properly distributing all received tips to Plaintiffs and the FLSA collective members.

120.    Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

121.    Because Defendants willfully violated the FLSA, a three (3) year statute of

limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

122.    As a result of Defendants' unlawful common policies and practices described above, Plaintiffs and the FLSA collective members were illegally deprived of tips earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT VI**
**Violation of the New Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a,** *et seq.*
**[Unlawful Tip Retention]**

123.    Plaintiffs re-allege and incorporate all previous paragraphs herein.

124.    N.J.S.A.12:56-8.4 (b) provides that "[g]ratuities shall be the property of the tipped employee."

125.    Plaintiffs and the Rule 23 class members regularly received more than $30 a month in cash tips.

126.    Defendants and their management unlawfully kept the customer tips without properly distributing all received tips to Plaintiffs and the Rule 23 class members.

127.    Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

128.    As a result of Defendants' unlawful common policies and practices described above, Plaintiffs and the Rule 23 class members were illegally deprived of tips earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, pre and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to N.J.S.A. 34:11-56a25 and 12:56-1.5.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief

against Defendants, and each of them, individually, jointly and severally:

(A)     A declaratory judgment that Defendants' wage practices alleged herein violate the Fair

         Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. §

         516, *et seq.*;

(B)     A declaratory judgment that Defendants' wage practices alleged herein violate the New

         Jersey Wage and Hour Laws and Regulations, N.J.S.A. 34:11-56a *et seq.*;

(C)     An Order for injunctive relief ordering Defendants to comply with the FLSA and

         NJWHLR, and end all of the illegal wage practices alleged herein;

(D)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with

         respect to the FLSA claims set forth herein;

(E)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the

         NJWHLR claims set forth herein;

(F)     Ordering Defendants to disclose in computer format, or in print if no computer readable

         format is available, the names, addresses, e-mail addresses, telephone numbers, dates of

         birth, job titles, dates of employment and locations of employment of all FLSA collective

         and Rule 23 class members;

(G)     Authorizing Plaintiffs' counsel to send notice(s) of this action to all FLSA collective and

         Rule 23 class members, including the publishing of notice in a manner that is reasonably

         calculated to apprise the FLSA collective members of their rights by law to join and

         participate in this lawsuit;

(H)     Designating the Lead Plaintiffs as the representatives of the FLSA collective and Rule 23

         class in this action;

(I)      Designating the undersigned counsel as counsel for the FLSA collective and Rule 23

18

Class in this action;

(J)     Judgment for damages for all unpaid minimum and overtime wages, unlawfully kept tips and liquidated damages to which Plaintiffs and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K)     Judgment for damages for all unpaid minimum and overtime wages, unlawfully kept tips, and pre- and post- interest to which Plaintiffs and the Rule 23 class members are lawfully entitled under the NJWHLR, N.J.S.A. 34:11-56a *et seq.*;

(L)     An incentive award for the Lead Plaintiffs for serving as representatives of the FLSA collective and Rule 23 class in this action;

(M)     An award for reasonable attorney's fees and costs incurred by Plaintiffs in this action as provided by the FLSA and NJWHLR;

(N)     Judgment for any and all civil penalties to which Plaintiffs and the FLSA collective and Rule 23 class members may be entitled; and

(O)     Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiffs, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: November 14, 2018                    /s/ *Jason T. Brown*
                                            Jason T. Brown
                                            Nicholas Conlon
                                            Ching-Yuan Teng (to seek *pro hac vice*)
                                            **BROWN, LLC**

111 Town Square Place
Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
tonyteng@jtblawgroup.com

*Attorneys for Plaintiffs*